UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dwight Xavier Jones, *a/k/a* Dwight X. Jones, *a/k/a* Dwight Jones, ) | Civil Action No.: 3:23-cv-03925-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Theodore M. Socha; Elise Partin; Chris Cowen; and Tim James, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff Dwight Xavier Jones's objections to the Report and Recommendation ("R&R") of United States Magistrate Kaymani D. West, who recommends summarily dismissing this action without issuance and service of process.[1]  *See* ECF Nos. 20 & 24.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R&R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915 and issued the R&R in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(f) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's *pro se filings. See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R&R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

### Discussion[2]

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 asserting double jeopardy, malicious prosecution, and vindictive prosecution claims against FBI Special Agent Theodore M. Socha, Cayce Police Chief Chris Cowen, Cayce Mayor Elise Partin, and Cayce City Councilman Time James. ECF No. 1. Plaintiff was charged in state court with unlawful carrying of a pistol in violations of S.C. Code § 16-23-0020. *See* ECF No. 14. Plaintiff entered a guilty plea and was sentenced to time served. *Id*. Plaintiff asserts that after dismissal of his lawsuit alleging Cayce Police Department failed to arrest a convicted felon in possession of a firearm, Defendants retaliated against Plaintiff and contacted the FBI. ECF No. 1. Plaintiff claims as a result, he was charged with the same unlawful carrying of a firearm that he previously pled guilty to in state court. *Id*.; *see United States v. Jones*, No. 3:23-cr-00593-MGL.[3] Plaintiff seeks dismissal of Defendants from their

---

[2]     The facts of this case were summarized in the R & R. ECF No. 20.

[3]     A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)

jobs, sovereign immunity,[4] $250,000, and "a permanent restraining order on Cayce Police Department." ECF No. 1 at p. 6; ECF No 1-1 at p. 3.

As to Plaintiff's malicious prosecution claim, the Magistrate Judge recommends summary dismissal because Plaintiff's claim is premature. ECF No. 20 at p. 3. The Magistrate Judge notes Plaintiff has not alleged sufficient facts to challenge the probable cause underlying his criminal proceedings or that his weapon charges were terminated in his favor. *Id*. Plaintiff objects, arguing the officers lacked probable cause and reasonable suspicion and he had the gun in his home, not on the streets, bar, store, or club. ECF No. 24 at p. 1.

The Fourth Circuit Court of Appeals has ruled that a "malicious prosecution claim under 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000). In order to establish such a claim, the defendant must have "seized [plaintiff] pursuant to legal process that was not supported by probable cause and . . . the criminal proceedings [must have] terminated in [plaintiff's] favor." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183–84 (4th Cir. 1996). The favorable termination element requires a plaintiff to "show that the criminal prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36 (2022). In his objections, Plaintiff contends Defendants lacked probable cause or reasonable suspicion, but Plaintiff has not shown that the criminal proceedings in state or federal court terminated in his favor. Plaintiff pled guilty to the gun charges in state court, and his federal charges are still pending. *See*

---

[4] Any claim by Plaintiff that he is entitled to sovereign immunity is clearly without merit because that doctrine provides immunity for governments. *See United States v. Bankers*, 245 F.3d 314, 320 (4th Cir. 2001)(noting sovereign immunity "means simply that the United States cannot be sued at all without the consent of Congress."(internal quotations omitted)).

3

ECF No. 14; *see also United States v. Jones*, No. 3:23-cr-00593-MGL. Thus, Plaintiff's malicious prosecution claim is subject to summary dismissal.

The Magistrate Judge also recommended dismissal of Plaintiff's allegation that his pending federal charge amounts to double jeopardy. ECF No. 20 at p. 4. The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The Magistrate Judge noted that because the state and federal governments have the power to independently define and punish an offense, the Double Jeopardy Clause does not prohibit the federal government from imposing criminal sanctions following state criminal sanctions. ECF No. 20 at p. 4. Most of Plaintiff's objections are not related to the instant case. To the extent his objections can be construed as objecting to the Magistrate Judge's findings regarding double jeopardy, this Court disagrees.

The Supreme Court has "long held that a crime under one sovereign's laws is not ' the same offence' as a crime under the laws of another sovereign." *Gamble v. United States*, 587 U.S. 678, 681 (2019). "Under this 'dual-sovereignty' doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute. Or the reverse may happen[.]" *Id.*; *see Heath v. Alabama*, 474 U.S. 82, 88–89(1985)("When a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offences.'"). Plaintiff pled guilty and was sentenced for violation of S.C. Code Ann. § 16-23-0020, and his pending federal charges are pursuant to 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e). *United States v. Jones*, No. 3-23-cr-00593-MGL. Thus, Plaintiff's federal charges are not the same as his state law charges, and his double jeopardy claim is summarily dismissed.

Plaintiff's Complaint also alleges vindictive prosecution, and his objections mentioned vindictive prosecution. *See* ECF Nos. 1 & 24. This claim was not addressed in the R&R. However, this claim is also subject to summary dismissal. To establish prosecutorial vindictiveness, a defendant "must show that '(1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus.'" *United States v. Ball*, 18 F.4th 445, 454 (4th Cir. 2021) (quoting *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001)). None of the Defendants in this action are prosecutors, so Plaintiff has failed to make the required showing.

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R [ECF No. 20] and **DISMISSES** the action *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

Florence, South Carolina                s/ R. Bryan Harwell
May 23, 2024                            R. Bryan Harwell
                                        Chief United States District Judge